IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANCIS WILLIAMS )  | CIVIL ACTION NO. 2:05cv735-T<br>WO |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Objections to Pre-Sentence Report*" (Doc. 2) filed by federal inmate Francis Williams ("Williams") on December 13, 2004.[1] By her motion, Williams challenges the sentence of imprisonment imposed upon her by this court in 1994 for conspiracy to distribute cocaine and cocaine base. Upon review of Williams's motion, it is clear that she is entitled to no relief from this court.

**I. DISCUSSION**

Williams characterizes her motion as an objection to her presentence report pursuant to Fed.R.Crim.P. 32(f). However, that rule provides that objections must be filed within 14 days after the presentence report is received. Williams's sentencing took place in 1994. Clearly, then, an attempt to challenge her sentence using the procedures set out in Fed.R.Crim.P. 32(f) would be untimely. In her motion, Williams specifically asserts that her sentence should not have been subjected to a two-level enhancement based on her

---

[1] Although Williams's motion is date stamped "received" on December 17, 2004, under the "mailbox rule," the court deems it filed on the date she delivered it to prison authorities for mailing, presumptively, December 13, 2004, the day that she signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

coconspirator's possession of a firearm in connection with the narcotics offense because, she says, "[t]here was no reasonable expectation of foreseeability that the Defendant would have known about the firearms and should therefore not be held responsible for that possession." *Motion* (Doc. 2) at 1.  In support of her claim. Williams also cites the Supreme Court's decision in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), which holds that it is unconstitutional for a sentencing judge to increase a defendant's sentence above the punishment authorized by the facts found by the jury or admitted by the defendant. Williams maintains that she did not admit to any facts relating to her coconspirator's possession of firearms and that no such facts were found by the jury. *Motion* (Doc. 2) at 1.

A review of Williams's motion reflects that her asserted claims attack the fundamental legality of her sentence.  The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).  The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable

to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Williams seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

Williams has filed a previous § 2255 motion attacking her 1994 conviction and sentence. Her initial § 2255 motion, which was filed on September 16, 2002, was dismissed with prejudice because it was filed after expiration of the one-year period of limitation contained in 28 U.S.C. § 2255 and because Williams's claim of "actual innocence" lacked merit. *See United States v. Williams*, Case No. 2:02cv1061 - Doc. 11 - *Oct. 27, 2003, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of Feb. 3, 2003, Case No. 2:02cv1061 - Doc. 20). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.

*See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Williams has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Williams's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Williams on December 13, 2004, be denied and this case dismissed, as Williams has

---

[2]Aside from the statutory bar on which this Recommendation is based, Williams's likelihood of success on her substantive claim is nil. Her claim is premised on *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), which is not retroactively applicable to cases pending on collateral review. *See In re Dean*, 375 F.3d 1287 (11th Cir. 2004). *See also In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005) (Supreme Court decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), also not retroactively applicable on collateral review).

failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 22, 2005**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 8th day of August, 2005.

                                                  **/s/ Delores R. Boyd**
                                                  DELORES R. BOYD
                                                  UNITED STATES MAGISTRATE JUDGE