In The United States District Court

For the Middle District of Alabama

RECEIVED
2005 NOV 18 A 10: 40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:05cv735-T

Petitioner

Frances Williams

Case No.

CR93-00310-N-007

vs

United States of America

**MOTION TO COMPEL GOVERNMENT TO FILE MOTION PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 35(b) OR IN THE ALTERNATIVE MOTION FOR EVIDENTIARY HEARING**

---

Comes now Frances Williams the Petitioner in the above entitled action, proceeding in pro se and requests this Honorable Court to compel the Government to file a motion pursuant to the Federal Rules of Criminal Procedure 35 (b) based on her substantial assistance to authorities or in the alternative, grant her an evidentiary hearing to make further determination on this matter.

Petitioner is currently incarcerated in the Federal Prison System and has no formal legal training. Petioner is pursuing this matter as a pro se litigant. Therefore, she is a legally disadvantaged party who should be held to a less stringent

1

standard than a lawyer.  Petitioner hereby moves this Court to protect her due process rights in this processing as mandated by the Supreme Court in **Haines vs. Kerner,** 404 U.S. 519 (1972).

Petitioner was sentenced on Oct.20,1994 to a term of imprisonment of 235 months with 5 years of supervised release as imposed by the Honorable Ira DeMent United States District Judge in the United States Distruct Court in Montgomery Alabama, for the Middle District of Alabama.

Petitioner contends that she has provided truthful and complete assistance to authorities on several occasions, however, the Government has failed to file a motion pursuant to the Federal Rules of Criminal Procedure 35 (b) on her behalf.

Petitioner began cooperating with authorities immediately after her arrest on the charges for which she is now imprisoned.

Petetioner expected the Government to file a Rule 35 (b) motion on her behalf based on her continued cooperation with authorities.  To this date, the Government has yet to file the promised downward departure motion.

Petioner's motion seeks to compel the Government to file a motion pursuant to Fed.R.Cr. 35 (b).

2

acted improperly if she is able to make a sufficient threshold showing that the Government acted irrationally, in bad faith, or in violation of one's constitutional rights. *U.S. vs. Kelly*, 18 F.3d. 612 (8th Cir. 1994) (citing *Wade vs. U.S.*, 504 U.S. 181, 186, 112 S.Ct. 118 L.Ed.2d 524 (1992). See also *U.S. vs. Carter*, 122 F.3d 469 (7th Cir. 1997); *U.S. vs. Matlock*, 109 F.3d 1313 (8th Cir. 1997), cert. denied, *Howze vs. U.S.*, 118 S.Ct. 188, 139 L.Ed.2d 127. Petitioner believes that she can show that the Government has acted irrationally, in bad faith, and in violation of her constitutional rights in failing to file a motion for a downward departure based on her substantial assistance, therefore, this Honorable Court has jurisdiction to consider this motion.

Petitioner contends that the Government acted irrationally by improperly refusing to proceed with her motion for downward departure based on reasons *unrelated* to the quality and nature of her assistance.

The Government in *U.S. vs. Rounsavall*, 128 F.3d 665 (8th Cir. 1997) decided against filing substantial assistance motion for *reasons unrelated* to the quality of defendant's cooperation. However, the Court held that the Government cannot base that decision on factors other than the substantial assistance provided by the defendant.

3

In <u>U.S. vs. Anzalone,</u> 148 F.3d 940 (8th Cir. 1998), the Government refused to file substantial assistance motion because it received information that Anzalone had used and possessed controlled substances. The Court of Appeals held that the Government improperly refused to file the motion for downward departure based on reasons unrelated to the quality of assistance.

District Courts may not consider factors wholly unrelated to substantial assistance when it decides to grant downward departure from sentencing guidelines due to substantial assistance to authorities. <u>U.S. vs. Casiano,</u> 113 F.3d 420 (3rd Cir. 1997) cert. denied, <u>DeJesus vs. U.S.,</u> 118 S.Ct. 221, 139 L.Ed. 2d 155, cert. denied.

It is an act of "bad faith" by the Government to refuse to move for a downward departure of her sentence for the substantial assistance she has rendered.

In <u>U.S. vs. Harpaul</u>, 4 F. Supp. 2d 137 (E.D. N.Y. 1988) the Government's unsupported claim that two cooperating co-defendants had not provided substantial assistance in another investigation because no arrests, indictments, prosecutions, or other furtherance had occurred was not enough to show that its refusal to seek a downward departure in the defendants' sentencing for tax and mail fraud was in good faith, especially

4

since the prosecutors assigned to the case and a postal inspector both <u>lauded</u> the defendants' efforts.

Petitioner contends that the Government's decision not to file a Rule 35(b) on her behalf is also a violation of her Fifth Amendment right against self-incrimination.

Although federal prosecutors have considerable discretionary control whether to move for a downward departure by reason of cooperation, that discretion is by no means unlimited. Even defendants who have no cooperation agreements are entitled to assurance that the Government's motion for downward departure is not withheld for some unconstitutional reason. Defendants who have made an agreement with the Government are entitled to a more searching review with regard to Government's failure to move for downward sentencing departure based on cooperation, in such cases, court will look to see if the Government has lived up to its' end of the bargain and whether the Government acted fairly and in good faith. <u>U.S. vs. Brechner</u>, 99 F.3d 96 (2nd Cir. 1996).

It is an act of bad faith by the Government to refuse to move for a downward departure of Petitioner's sentence for the cooperation she has rendered. Petitioner asks this Honorable Court to compel the Government to respond in good faith concerning her cooperation just as she has by assisting in the

5

investigation of illegal activity of others. In the alternative, she requests an evidentiary hearing. At such hearing, the District Court is required to permit the Government to present complete information concerning the nature and extent of cooperation. She adds that she knows and agrees that whether it be merely oral or should include a formal evidentiary hearing is a matter that lies within the sound discretion of the District Court.

## CONCLUSION

Petitioner prays that this Honorable Court will compel the Government to file the promised Rule 35(b) motion or in the alternative, find that she has made a sufficient threshold showing on three separate grounds and grant her an evidentiary hearing on this matter.

X _Frances Will___

ANGELA D. CRAWFORD
Notary Public, State of Florida
My comm. exp. Mar. 26, 2007
Comm. No. DD 197038

X _Angela D. Crawford_
November 16, 2005

6