

**U.S. Department of Justice**

United States Attorney
Middle District of Alabama

---

|  | 334/223-7280 |
|---|---|
| One Court Square, Suite 201 | Civil Fax: 334/223-7560 |
| Post Office Box 197 | Fin Lit Fax: 334/223-7418 |
| Montgomery, Alabama 36101-0197 | Criminal Fax: 334/223-7135 |

December 14, 2004

Ms. Frances Williams
Reg. No 03302-017
Quarters Sem A
Federal Prison Camp
Post Office Box 7006
Marianna, FL 32446-7006

Dear Ms. Williams:

I am writing in response to your November 29, 2004, letter asking me to remove the firearms enhancement in your case. I do not have the power to remove the firearms enhancement and I believe the litigation in your case shows the enhancement was correct.

I was not aware that you have testified in a case and not received a downward departure motion. Please tell me the name of the case and the contact information for the Prosecutor assigned to the case. I will discuss with the Prosecutor the nature of your testimony and the value, if any, of your assistance. After the discussion, I will let you know if a motion for downward departure on your behalf is forthcoming.

Respectfully submitted,

LEURA GARRETT CANARY
United States Attorney

Terry F. Moorer
Assistant United States Attorney

LGC:TFM:ch



U.S. Department of Justice

United States Attorney
Middle District of Alabama

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

334/223-7280

FAX 334/223-7560

January 12, 1995

The Honorable Ira DeMent
United States District Judge
15 Lee Street
Montgomery, Alabama 36104

      RE: United States v. Rosa Williams, et al
          Cr. No. 93-310-N

Dear Judge DeMent:

    From on or about May 16, 1994, through June 8, 1994, we tried the case of United States v. Rosa Williams, et al, Cr. No. 93-310-N, which resulted in the conviction of nine (9) defendants. Andalusia Police Department Captain Jerry Newton was one of the case agents responsible for the investigation of the case. Captain Newton testified at the trial and also at the sentencing of several defendants.

    We are writing to inform the court that on November 14, 1994, Andalusia Police Chief Jerry Williamson dismissed Captain Newton from the Andalusia Police Department. On December 15, 1994, the Mayor and City Council affirmed Chief Williamson's decision to dismiss Captain Newton. Although we do not have detailed knowledge concerning the dismissal of Captain Newton, we understand that the dismissal was based on two charges. The first allegation was that Captain Newton falsified certain records concerning the payment of confidential informants in cases other than United States v. Rosa Williams, et al. The other allegation was that Captain Newton made a false statement to the Chief of Police concerning witness fees and other reimbursements paid to Captain Newton after his participation in the trial of United States v. Rosa Williams, et al. According to Chief Williamson, the facts which led to the dismissal of Captain Newton are unrelated to the substantive investigation or testimony of Captain Newton in United States v. Rosa Williams, et al.

The Honorable Ira DeMent
Page 2
January 12, 1995

    We learned of the potential removal action on or about August 2, 1994, when Captain Newton and Okaloosa County Florida Deputy Sheriff Mike Stewart came to our office to begin preparation for the sentencings in <u>United States v. Rosa Williams, et al</u>. Captain Newton told us that he was on paid, administrative leave until Chief Williamson could conduct an investigation and resolve the matter. Aside from writing a character letter on behalf of Captain Newton, we took no active part in the investigation and administrative process other than monitoring developments, and providing documents as requested by either party. We also minimized the further use of Captain Newton in the proceedings related to <u>United States v. Rosa Williams, et al</u>. Captain Newton denied and continues to deny the allegations and he has informed us that he plans to file a federal lawsuit seeking reinstatement to his position.

    Because Captain Newton was the case agent in <u>United States v. Rosa Williams, et al</u>, we believe we should advise the court of this matter. However, we also believe that, as a matter of law, Captain Newton's dismissal would not be grounds for a new trial or other relief, even when the facts are construed in the light most favorable to the defense. First, the witness fee allegation arose after the trial and could not have been used during the trial. Moreover, the informant payments allegation was not related to the instant case. Finally, Captain Newton's dismissal would be relevant during trial or sentencing, if at all, only for impeachment.

    To prevail on a motion for new trial pursuant to Rule 33, <u>Federal Rules of Criminal Procedure</u>, based on newly discovered evidence, the movant must satisfy four elements:

    (1)  the evidence must be newly discovered and have been unknown to the defendant at the time of trial;

    (2)  the evidence must be material and not merely cumulative or impeaching;

    (3)  the evidence must be such that it will probably produce an acquittal; and

    (4)  the failure to learn of such evidence must be due to no lack of diligence on the part of the defendant.

The Honorable Ira DeMent
Page 3
January 12, 1995

United States v. Espinosa-Hernandez, 918 F.2d 911, 913 n.5 (11th Cir. 1990); quoting United States v. Sjeklocha, 843 F.2d 485, 487 (11th Cir. 1988). Although the defendants could satisfy the fourth element as to both allegations and the first element as to the informant payments allegation, the defendants would be unable to satisfy the remaining two elements. Specifically, the second element requires that the newly discovered evidence be material and not cumulative or impeaching. The third element requires that the evidence be of such character that it will probably produce an acquittal. The United States produced sufficient evidence, independent of Captain Newton's testimony, to support the jury's guilty verdict. The defendants cannot meet the requirements for a new trial.

Appellate and district court cases dealing with motions for new trial based on alleged newly discovered evidence of police misconduct suggest that a hearing on the matter is usually appropriate. We are prepared to address these issues at a hearing if the Court believes that a hearing is necessary. We also will provide any additional information requested by the Court and answer any questions which the Court may have.

Yours truly,

FOR THE UNITED STATES ATTORNEY
REDDING PITT

Louis V. Franklin, Sr.
Assistant United States Attorney

Terry F. Moorer
Assistant United States Attorney

Mr. Terry Moorer, on or about January 12, 95 Andalusia Police Chief Jerry Williamson dismissed Capt. Newton for 2 charges 1st allegation was that Capt Newton falsified certain records concerning the payment of confidential informants in cases other than US vs Rosa Williams, 2nd was he made a false statement to the chief of police concerning witness fees and other reimbursements pd to Capt Newton after participation in the trial of US v/s Rosa Williams

I was brought from Danbury to give statements in regards to Capt Newton once getting to Montgomery. I was told it wouldn't be a trial. I was a willing person to testify on behalf of the US. I have not received any type of reduction for my assistance. A rule 35 will be justifiable after this long period of waiting. Please respond after your investigation